1  Alexander F. Giovanniello (CSB # 125562)
   Joseph M. Lorant (CSB# 327731)
2  **GIOVANNIELLO LAW GROUP**
   Six Pointe Drive, Suite 520
3  Brea, California 92821

4  Ph:  (714) 364-4000
   Fax: (714) 364-4001
5
   Attorneys for Defendant:
6  DESERT VALLEY HOSPITAL, LLC
   dba DESERT VALLEY HOSPITAL
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | COLLEEN MANGHANE; and | ) Case No.:  5:25-cv-01107 JGB (DTBx)
   | ROBERT MANGHANE, | )
12 | | ) Related Case No.:  5:25-cv-00140-
   | | ) WLH-SHK
13 | Plaintiffs, | )
   | | ) NOTICE OF MOTION AND MOTION
14 | vs. | ) TO DISMISS PLAINTIFFS'
   | | ) COMPLAINT BY DEFENDANT
15 | COUNTY OF SAN BERNARDINO; | ) DESERT VALLEY HOSPITAL, LLC
   | SHANNON D. DICUS; DESERT | ) dba DESERT VALLEY HOSPITAL
16 | VALLEY HOSPITAL; and DOES 1- | )
   | 15, inclusive. | )
17 | | ) DATE:      August 11, 2025
   | Defendants. | ) TIME:      9:00 a.m.
18 | | ) CRTRM.:   1
   | | )
19 | | )
   | | )
20 | | ) JUDGE:     Hon. Jesus G. Bernal
   | | )
21 | | ) Complaint filed May 29, 2025
   | | )
22 | | ) Trial scheduled: None
   | | )
23 | _____ | )

                                    i
   NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
   COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
                    DESERT VALLEY HOSPITAL

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE** that on August 11, 2025 at 9:00 a.m. or as soon

3    thereafter as the matter may be heard, in Courtroom 1 of the Twelfth Street

4    Courthouse of the above-captioned court, located at 3470 Twelfth Street, Los

5    Angeles, CA, 92501, Defendant DESERT VALLEY HOSPITAL, LLC dba

6    DESERT VALLEY HOSPITAL (hereinafter referred to as "Desert Valley

7    Hospital") will, and hereby, moves to dismiss the Complaint filed by Plaintiffs

8    COLLEEN MANGHANE and ROBERT MANGHANE (hereinafter collectively

9    referred to as "Plaintiffs").  This Motion to Dismiss for Failure to State a Claim

10    (hereinafter referred to as "this Motion") seeks relief pursuant to Rule 12(b)(6) of

11    the Federal Rules of Civil Procedure on the grounds that Plaintiffs' Complaint is

12    insufficient as it fails to assert any facts to support the claims against Desert

13    Valley Hospital.  Specifically, and where all facts raised in the Complaint are

14    taken as true, the causes of action against Desert Valley Hospital for Negligence

15    and Wrongful Death (erroneously titled under a single claim as "Negligence") fail

16    as (1) Plaintiffs lack statutory standing to bring these claims, and (2) Desert

17    Valley Hospital did not cause Plaintiffs' injuries.

18    This Motion will be based upon this Notice, the accompanying

19    Memorandum of Points and Authorities, the complete records and files in this

20    action, and such further oral or documentary evidence that may be introduced at

21    the hearing on this Motion.  A Proposed Order regarding this Motion is filed

22    jointly herewith.

23    This Motion is made following the attempted conferences of counsel

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

pursuant to Local Rule 7-3 wherein the parties could not resolve their differences. By and through each parties' respective counsel, Desert Valley Hospital spoke briefly with Plaintiffs on May 30, 2025, then sent a meet and confer letter to Plaintiffs on June 16, 2025, with regard to their Complaint.  The parties had a telephone call thereafter, wherein the substance of a motion to dismiss against Plaintiffs' Complaint had been discussed.

It had been agreed that the deadline for Desert Valley Hospital to file and serve its responsive pleadings would be continued by thirty days, which this Court approved via written stipulation and order, so the parties could further confer on the issues regarding this Motion.  Such efforts, however, failed to materialize, thus this Motion proved necessary, as an agreement to continue the deadline to respond had not been received.


Dated: July 18, 2025                    **GIOVANNIELLO LAW GROUP**

By: _____
Alexander F. Giovanniello
Joseph M. Lorant
Attorneys for Defendant
DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba DESERT VALLEY HOSPITAL

1

## <u>TABLE OF CONTENTS</u>

2   **TABLE OF CONTENTS** ................................................................ iv

3   **TABLE OF AUTHORITIES** ........................................................ iv

4   **MEMORANDUM OF POINTS AND AUTHORITIES** ..................................1

5      **I. <u>INTRODUCTION</u>**................................................................1

6      **II. <u>THE FILING OF A 12(B)(6) MOTION TO DISMISS IS TIMELY

7      AND PROPER</u>** ................................................................5

8      **III. <u>THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH

9      RELIEF CAN BE GRANTED</u>** ................................................5

10     **<u>A. Plaintiffs' Seventh Cause Of Action For Negligence, Which Is Truly

11     The Improper Combination Of Two Separate Claims, Must Be

12     Dismissed With Prejudice As They Cannot Be Raised Since Plaintiffs

13     Lack Statutory Standing Under The *California Code of Civil

14     Procedure*</u>** ................................................................7

15     **<u>B. Plaintiffs' Seventh Cause Of Action For Negligence Is Conclusory As

16     To The Acts Purportedly Taken By Desert Valley Hospital</u>**.................11

17     **<u>C. The Causes Of Action for Wrongful Death And Negligence Raised

18     Against Desert Valley Hospital Must Be Dismissed, With Prejudice, As

19     No Set Of Facts Can Demonstrate Legal Causation</u>** ..............................13

20     **<u>D. Policies Favoring No Legal Or Proximate Causation Prohibit

21     Extending Liability To Desert Valley Hospital In The Exercise Of Its

22     Duties To Contact Law Enforcement</u>** ........................................18

23     **III. <u>CONCLUSION</u>** ........................................................21

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

# **TABLE OF AUTHORITIES**

Aetna Life Ins. Co. v. Alla Medical Services, Inc.

    855 F.2d 1470, 1474 (9th Cir. 1988) ………………………………………….5

Albrecht v. Lund

    845 F.2d 193, 195 (9th Cir. 1988) …………………………………13, 18, 20

Anywhere Commerce, Inc. v. Ingenico, Inc.

    517 F. Supp. 3d 45, 49 (D. Mass. 2021) ………….………………….9, 11

Ashcroft v. Iqbal

    556 U.S. 662, 678 (2009)……………………………………..…………….7

Atieh v. Riordan

    727 F.3d 73, 76 (1st Cir. 2013)………………………………………….6

Bell Atlantic Corp. v. Twombly

    550 U.S. 544, 555 (2007)…………………………………………………….6

Baton v. Ledger SAS

    740 F. Supp. 3d 847, 909–10 (N.D. Cal. 2024)…………………………14, 18

C.I. v. San Bernardino City Unified School Dist.

    82 Cal. App. 5th 974, 985 (Ct. App. 2022)…………………….....…….17, 18

Caltex Plastics, Inc. v. Lockheed Martin Corp.

    824 F.3d 1156, 1159 (9th Cir. 2016) )…....………………….…6, 11, 12, 20

Cosentino v. Kurtz

    No. CV1103206GAFSSX, 2012 WL 12883842, at *6

    (C.D. Cal. Dec. 11, 2012)……………………………………..…….9, 11

Estate of Macias v. Lopez (Macias)

v

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

42 F.Supp.2d 957, 965 (N.D.Cal.1999)

219 F.3d 1018 (9th Cir.2000)………………………………...……15

Fednav Ltd. v. Sterling Int'l

572 F. Supp. 1268, 1270 (N.D. Cal. 1983) …………………………6

Ferguson v. Lieff, Cabraser, Heimann & Bernstein

30 Cal. 4th 1037, 1045 (2003) …………………………………19, 20

Harvey v. Alameda Cnty. Med. Ctr.

280 F. Supp. 2d 960, 968 (N.D. Cal. 2003)

123 F. App'x 823 (9th Cir. 2005) ………………………..…………20

Kentucky Cent. Life Ins. Co. v. LeDuc

814 F. Supp. 832, 835 (N.D. Cal. 1992) …………………………….6

L.J. by and through Jones v. Poway Unified School District

No. 20CV1569-GPC(MDD), 2020 WL 7056283, at *9

(S.D. Cal., Dec. 2, 2020) …………………………………...………16

Lacano Investments, LLC v. Balash

765 F.3d 1068, 1071 (9th Cir. 2014) …………………………..………7

Lattimore v. Dickey

239 Cal.App.4th 959, 968 (Ct. App. 2015) …………………………8

Lopez v. United States

17-CV-04386-MEJ, 2018 WL 807357 (N.D. Cal. Feb. 9, 2018)………15, 16

Modisette v. Apple Inc.,

30 Cal. App. 5th 136, 152, 154 (2018)…………………………....19, 20

Pappert v. San Diego Gas & Electric Co.,

vi

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

137 Cal. App. 3d 205, 210 (Ct. App. 1982)…………………………………..14

Quiroz v. Seventh Ave. Center

140 Cal.App.4th 1256, 1264–1265 (Ct. App. 2006)………………………..…8

Rose v. Cnty. of Sacramento

163 F. Supp. 3d 787, 797 (E.D. Cal. 2016)………………………………...10

Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.

806 F.2d 1393, 1401 (9th Cir. 1986)………………………….………11, 13, 18

Shroyer v. New Cingular Wireless Services, Inc.

622 F.3d 1035, 1041 (9th Cir. 2010)………………………………….……..6

Smallwood v. Am. Trading & Transp. Co.

868 F. Supp. 280, 283 (N.D. Cal. 1994)………………………...……..9, 11

Smith v. Cnty. of Kern

20 Cal. App. 4th 1826, 1831 (Ct. App. 1993)……………………..……16

Spath v. Cnty. of Santa Clara

669 F. Supp. 3d 835, 847 (N.D. Cal. 2023) ……………………………16

Strom v. United States

641 F.3d 1051, 1067 (9th Cir. 2011) ……………….....………..……..5, 11, 12

T.L. v. City Ambulance of Eureka, Inc.

83 Cal. App. 5th 864, 870, 875, 299

Cal. Rptr. 3d 797, 801, 804, fn. 2 (2022)……………………..……2, 15, 17, 18

Torres v. Nat'l Passenger R.R. Corp.

No. 2:23-CV-01066-ODW (KESX), 2024 WL 4008640, at *3

(C.D. Cal. Aug. 30, 2024)……………………..…………………………10, 11

vii

## **STATUTES**

Code of Civil Procedure §377.11 ........................................................................10

Code of Civil Procedure §377.60.…..………………………………………..8

Code of Civil Procedure §377.34 ........................................................................8

FRCP 12(b)(6) ........................................................................................................9

FRCP 8.....................................................................................................................20

Restatement (Second) of Torts § 404 ................................................................14

Welfare and Institutions Code §5585.50……………………………….…...…2

Welfare and Institutions Code §5585.50(a)……………………………….…...19

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs filed their Complaint on May 29, 2025, which asserts eight causes of action.  <u>Complaint</u>, at 1.  Of these eight, however, only the Seventh Cause of Action for "Negligence" is brought against Desert Valley Hospital; all causes, including this, are against Defendants COUNTY OF SAN BERNARDINO and SHANNON D. DICUS (hereinafter referred to as "the County Defendants").  <u>Complaint</u>, at 4-6 (identifying all defendants); 10, 12, 14, 21, 26, 31, 33, and 36 (the headings for each cause of action identifying applicable defendants).  Plaintiffs, "the court ordered permanent legal guardians and foster parents of Decedent bring this action individually and as successors-in-interest to Decedent", yet they failed to file and serve an affidavit demonstrating their rights over all others to sue on behalf of Decedent.  <u>Complaint</u>, ¶ 8.  Further, Decedent's biological parents are his "surviving issue" for intestacy purposes.  <u>Request for Judicial Notice</u> (citing related litigation pursuant to Local Rule 83-1.3).

The central facts asserted for all causes of action involve the fatal shooting and death of Aaron James (hereinafter referred to as "Decedent"), the foster child of whom Plaintiffs held guardianship over.  <u>Complaint</u>, ¶¶ 1-8.[1]  The sole alleged involvement of Desert Valley Hospital is that it had been the initial receiving

---

[1] Desert Valley Hospital does not admit or deny any factual allegation raised against the Police Defendants, nor is such necessary to be done.  Regardless of the actual factual bases supporting Plaintiffs' claims, a motion to dismiss such as this tests the legal sufficiency of claims raised by accepting all facts alleged as true to see if the legal conclusions are validly supported thereby.  See <u>supra</u>, §III.

facility to treat Decedent's condition while under a 72-hour mental health protection hold pursuant to <u>Welfare and Institutions Code</u> section 5585.50 (hereinafter referred to as a "5585 hold"), and later in facilitating Decedent's transfer to a mental health facility for further care.[2]  <u>Complaint</u>, ¶¶ 14-15, 28-30, and 112.  After Decedent's escape therefrom, the County Defendants attempted to detain Decedent from his home.  <u>Complaint</u>, ¶ 32.

Unfortunately, at some point during this attempted apprehension, it is claimed that the County Defendants wrongfully killed Decedent:

> [The County Defendants] breached the bathroom door and charged toward Decedent, then used force including deadly force against Decedent ….   Additionally, [the County Defendants] failed to intervene on the use of excessive and unreasonable force being used on Decedent ….
>
> …
>
> [The County Defendants] violated their own policies and basic officer training when they used force, … against Decedent.
>
> The use of force was excessive and objectively unreasonable under the circumstances, especially because the unarmed Decedent did not pose an immediate threat of death or serious bodily injury …, the Deputy DOES had reasonable alternatives, the Deputy DOES did not give a warning that deadly force would be used, and the 17-year-old Decedent did not verbally threaten any person or deputy.

<u>Complaint</u>, ¶¶ 33-42.   Plaintiffs claim that the County Defendants failed to account for Decedent's lack of violent tendencies and that they "were equipped

---

[2] The Complaint erroneously references <u>Welfare and Institutions Code</u> section 5150.  While both sections function the same, a 5150 hold applies to adults, and a 5585 hold applies to minors.  <u>T.L. v. City Ambulance of Eureka, Inc.</u>, 83 Cal. App. 5th 864, 870, 875, 299 Cal. Rptr. 3d 797, 801, 804, fn. 2 (2022)

2

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'<br>COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba<br>DESERT VALLEY HOSPITAL

1  with less-legal force options that could have been employed" while "[additionally,

2  considering the number of [deputies] on scene against the sole Decedent, …, the

3  use of force and deadly force against Decedent was objectively unreasonable.

4  Complaint, ¶¶ 43-49, 57; ¶¶ 99-108.

5      To be clear, it is alleged not only that the County Defendants "were not

6  responding to a serious or violent crime," but that they also "did not have any

7  information that any person was harmed or about to be harmed by Decedent."

8  Complaint, ¶ 33; see also ¶¶ 4, 34, 37, 41, 46, 57, 63, 67, 93, 102, 122-123 (claims

9  that Decedent not an immediate threat to self or others).  Such purported conduct

10  "constitute[d] a violation Plaintiffs' and Decedent's Fourteenth Amendment

11  Substantive Due Process right to be free from unlawful state interference with

12  their familial relationship …."  Complaint, ¶ 58 (Second Cause of Action).

13  Plaintiffs further claim "[the County Defendants] acted under color of state law

14  and within the course and scope of their employment by maintaining

15  unconstitutional, customs, practices, and policies" having "acted pursuant to an

16  expressly adopted or fiscal policy or longstanding practice or custom"; and the

17  allegedly errant actors "were not … penalized", demonstrating inadequate

18  supervision, training, and/or control.  Complaint, ¶¶ 63-69 (Third Cause of

19  Action); ¶¶ 79-83 (Fourth Cause of Action); ¶¶ 89-94 (Fifth Cause of Action).

20  Such pattern is purportedly proven through other lawsuits.  Complaint, ¶¶ 72-73,

21  84, 95.

22      Even further, the County Defendants purportedly interfered with

23  Decedent's and Plaintiffs' "exercise or enjoyment of [their] constitutional rights

3

by threats, intimidation, or coercion, including by the use of unconstitutionally excessive force … with specific intent to deprive" them of such rights. Complaint, ¶¶ 121-129 (Eighth Cause of Action).  All such alleged had been willful, wanton, malicious, intentional, oppressive, reckless and/or with willful and conscious disregard of Plaintiffs' rights.  Complaint, ¶¶ 52, 59, 71, 82, 91, 106, 124, 129.

From these collective facts, Plaintiffs assert their "sole" cause of action against Desert Valley Hospital.  Again, not only are Plaintiffs suing individually for Wrongful Death, but they also purportedly are suing on Decedent's behalf in a "survival" manner.  Complaint, ¶¶ 8, 116, 119.  The only facts supporting the Seventh Cause of Action for "Negligence", are rather sparce and conclusory.

> [Desert Valley Hospital] had a duty and responsibility to provide adequate care, protection, and security for their patient, provide appropriate facilities and personnel for adequate evaluation and treatment.  Further, when accepting a patient on a [5585] hold, a medical facility and personnel, [Dessert Valley Hospital had] a duty and responsibility to provide adequate mental health treatment.

Complaint, ¶ 112.  In other words, the purported duty owed is for Desert Valley Hospital to protect Decedent from harm by ***its own*** conduct or ***his own*** conduct, rather than the actions of ***the County Defendants***.

In conclusory fashion, without explanation or instruction, Desert Valley Hospital breached said duty, "failed to adequately treat Decedent during approximately three days under their custody and responsibility, and allowed Decedent to escape custody during a mental health crisis."  Id.  However, Plaintiffs make clear their allegation that the County Defendants, who had

4

1  purportedly been "negligent and reckless" with twelve different duty-based

2  violations, "are liable for Plaintiffs' and Decedent's injuries on this claim, either

3  because they were integral participants …, or … failed to intervene to prevent

4  these violations." <u>Complaint</u>, ¶¶ 114-115.  "Defendant Deputies are ***directly liable***

5  for their actions and inactions …" <u>Complaint</u>, ¶ 117 (emphasis added).

6      Plaintiffs served the Complaint upon Desert Valley Hospital on May 29,

7  2025, thus, Desert Valley Hospital timely seeks the dismissal of the Complaint on

8  the grounds that it fails to assert facts supporting Plaintiffs' claims.

9  **II.    THE FILING OF A 12(B)(6) MOTION TO DISMISS IS TIMELY**

10      **AND PROPER**

11      A motion to dismiss is timely if filed "any time before the responsive

12  pleading is filed.  (Citation)." <u>Aetna Life Ins. Co. v. Alla Medical Services, Inc.</u>,

13  855 F.2d 1470, 1474 (9th Cir. 1988).  <u>FRCP</u> 12(b) requires filing of responsive

14  pleadings be due twenty-one days after service of a complaint.  As Plaintiffs

15  served their Complaint on May 29, 2025, and Desert Valley Hospital filed and

16  served this Motion timely before June 19, 2025, this Motion is timely.

17  **III.   THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH**

18      **RELIEF CAN BE GRANTED**

19      A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims

20  stated in the complaint.  <u>Strom v. United States</u>, 641 F.3d 1051, 1067 (9th Cir.

21  2011).  In general, a court will measure "legal sufficiency" by whether it meets

22  Rule 8 of the <u>Federal Rules of Civil Procedure</u>, which requires "[s]imple, concise

23  and direct" allegations.  "The complaint is to be liberally construed in favor of the

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

1  plaintiff, and its material allegations taken as true." Fednav Ltd. v. Sterling Int'l,

2  572 F. Supp. 1268, 1270 (N.D. Cal. 1983).

3      Dismissal under a Rule 12(b)(6) motion is proper when a complaint either

4  (1) fails to allege a "cognizable legal theory" or (2) fails to allege sufficient facts

5  "to support a cognizable legal theory." Caltex Plastics, Inc. v. Lockheed Martin

6  Corp., 824 F.3d 1156, 1159 (9th Cir. 2016).  "Only when the pleading fails to

7  meet this liberal standard should it be dismissed under Rule 12(b)(6)." Fednav

8  Ltd., supra, at 1270. "[T]his court must presume that the plaintiff's allegations are

9  true and grant the motion only if it appears 'beyond doubt' that the plaintiff can

10  prove no set of facts entitling it to relief." Kentucky Cent. Life Ins. Co. v. LeDuc,

11  814 F. Supp. 832, 835 (N.D. Cal. 1992) (citations omitted).

12      "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

13  need detailed factual allegations [citations], a plaintiff's obligation to provide the

14  'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

15  and a formulaic recitation of the elements of a cause of action will not do

16  [citation]. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The facts

17  alleged must state a facially plausible claim for relief as per the Twombly/Iqbal

18  standard. Shroyer v. New Cingular Wireless Services, Inc., 622 F.3d 1035, 1041

19  (9th Cir. 2010); see Atieh v. Riordan, 727 F.3d 73, 76 (1st Cir. 2013) (facially

20  plausible standard "is a screening mechanism designed to weed out cases that do

21  not warrant either discovery or trial").

22      As such, and while courts "do accept all of the factual allegations in the

23  complaint as true, id., we do not accept legal conclusions in the complaint as true,

6

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

1  even if 'cast in the form of factual allegations.' [Citation.]" <u>Lacano Investments,</u>

2  <u>LLC v. Balash</u>, 765 F.3d 1068, 1071 (9th Cir. 2014).  "Threadbare recitals of

3  elements of a cause of action, supported by mere conclusory statements, do not

4  suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Where a complaint does

5  not permit a court to infer more than the mere possibility of misconduct, then it

6  alleged—but has not shown—that the pleader is entitled to relief; such is

7  insufficient to survive a motion to dismiss for failure to state a claim.  <u>Id.</u>, at 679.

8        Here, there are no facts asserted against Desert Valley Hospital amounting

9  to more than "[t]hreadbare recitals of elements of a cause of action, supported by

10  mere conclusory statements".  <u>Id.</u>, at 678.  As expressed below, Plaintiffs do not

11  maintain the necessary relationship with Decedent such as to raise their cause(s)

12  of action.  Further, the facts presented are minimal in comparison with the

13  conclusions stated.  While receiving medical care at Desert Valley Hospital under

14  a 5585 hold, and during transfer to another location for further mental health

15  treatment, Decedent escaped; and that Desert Valley Hospital knew that his escape

16  could pose a vague risk of harm.  <u>Complaint</u>, ¶¶ 14-15, 28-30, and 112.  These

17  facts alone, if taken as true, do not prove the claims raised.

18  **A.**   **<u>Plaintiffs' Seventh Cause Of Action For Negligence, Which Is Truly</u>**

19       **<u>The Improper Combination Of Two Separate Claims, Must Be</u>**

20       **<u>Dismissed With Prejudice As They Cannot Be Raised Since Plaintiffs</u>**

21       **<u>Lack Statutory Standing Under The *California Code of Civil Procedure*</u>**

22        Again, not only are Plaintiffs suing individually for Wrongful Death, but

23  they also purportedly are suing on Decedent's behalf in a "survival" manner in the

7

1   same cause of action.   Complaint, ¶¶ 8, 116, 119.   This is an improper

2   combination of two separate claims.

3          Wrongful Death is a statutory claim that plaintiffs may assert when

4   defendants' breach of duty or neglect causes death.   Code of Civil Procedure,

5   §377.60.  The elements of a wrongful death action are a tort (negligence or other

6   wrongful act), resulting death (causation), and loss (damages) suffered by the

7   heirs, and if the tort is negligence, plaintiffs must, of course, prove defendants'

8   duty and breach thereof and causation of damages.  See Lattimore v. Dickey, 239

9   Cal.App.4th 959, 968 (Ct. App. 2015).

10         A cause of action that survives the death of a person, however, is distinct

11  from Wrongful Death, where the latter is technically a cause of action belonging

12  to the decedent and is being brought by the decedent's successor-in-interest or

13  personal representative.  Id.  Separately, Code of Civil Procedure section 377.30

14  provides that, "[a] cause of action that survives the death of the person entitled to

15  commence an action or proceeding passes to the decedent's successor in

16  interest… and an action may be commenced by the decedent's personal

17  representative or, if none, by the decedent's successor in interest….' (Code of

18  Civil Procedure, §377.34)."  Quiroz v. Seventh Ave. Center, 140 Cal.App.4th

19  1256, 1264–1265 (Ct. App. 2006).

20         Both causes of action are "creatures of statute", coming from the Code of

21  Civil Procedure.  See Lewis v. Reg'l Ctr. of the E. Bay, 174 Cal. App. 3d 350, 355

22  (Ct. App. 1985).  As such, strict adherence to these statutes is required.  Where

23  there is no statutory standing, as opposed to Article III standing, a motion to

8

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

1    dismiss under <u>FRCP</u> 12(b)(6) is appropriate.    <u>AnywhereCommerce, Inc. v.</u>

2    <u>Ingenico, Inc.</u>, 517 F. Supp. 3d 45, 49 (D. Mass. 2021).

3         Under California's wrongful death statute, a cause of action for
         wrongful death may be asserted by:

4

5    (a) The decedent's surviving spouse, children, and issue of deceased
     children, or if there is no surviving issue of the decedent, the persons,
     including the surviving spouse, who would be entitled to the property

6    of the decedent by intestate succession.

7    (b) Whether or not qualified under subdivision (a), if they were
     dependent on the decedent, the putative spouse, children of the

8    putative spouse, stepchildren, or parents.

9    <u>Cal. Code Civ. P.</u> § 377.60.

10   The parent of a decedent cannot assert a wrongful death action where
     the decedent is survived by a child.  See Cal. Code Civ. P. 377.60(a).

11

12   <u>V.R. v. San Bernardino Cnty.</u>, No. EDCV191023JGBSPX, 2022 WL 656133, at

13   *7 (C.D. Cal. Feb. 3, 2022).

14        Here, Plaintiffs are the legal guardians and or foster parents of Decedent,

15   and Decedent does have surviving issue.    <u>Complaint</u>, ¶ 8; <u>Request for Judicial</u>

16   <u>Notice</u>.    Therefore, under this statutory construction, Plaintiffs do not have

17   standing to raise their Wrongful Death claim against Desert Valley Hospital as

18   they are not potential plaintiffs.  <u>Lewis</u>, <u>supra</u>, at 354-355, 220 Cal. Rptr. at 91-92;

19   see also <u>Cosentino v. Kurtz</u>, No. CV1103206GAFSSX, 2012 WL 12883842, at *6

20   (C.D. Cal. Dec. 11, 2012) (citing <u>Lewis</u>); <u>Smallwood v. Am. Trading & Transp.</u>

21   <u>Co.</u>, 868 F. Supp. 280, 283 (N.D. Cal. 1994), <u>decision supplemented,</u> No. C-92-

22   0869 MHP, 1994 WL 735929 (N.D. Cal. Dec. 30, 1994) (citing <u>Lewis</u>).

23        A similar issue arises with Plaintiffs' survival action for Negligence.

9

California's statutory requirements for standing to bring a survival action are stated under California Code of Civil Procedure § 377.30: "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest ..., and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." [Citation] ("Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law....") (citation omitted). Plaintiffs have alleged that they are bringing many of their claims as successors in interest, but there is a question as to whether the requisite affidavit to commence a survival action as Johnathan's successor in interest has been filed. [Citations.]

Rose v. Cnty. of Sacramento, 163 F. Supp. 3d 787, 797 (E.D. Cal. 2016)

To establish oneself as a decedent's successor in interest, California law requires a person to "execute and file an affidavit or a declaration under penalty of perjury under the laws of this state." Cal. Civ. Proc. Code § 377.32(a). The affidavit or declaration must state, among other information, that "[n]o proceeding is now pending in California for administration of the decedent's estate," that "[t]he affiant or declarant is the decedent's successor in interest (…) and succeeds to the decedent's interest in the action or proceeding," and "[n]o other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding." Id. …. Moreover, federal law requires any declaration filed in federal court to be made under penalty of perjury. 28 U.S.C. § 1746.

Torres v. Nat'l Passenger R.R. Corp., No. 2:23-CV-01066-ODW (KESX), 2024 WL 4008640, at *3 (C.D. Cal. Aug. 30, 2024).

"For the purposes of this chapter, 'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Code of Civil Procedure, §377.11. Plaintiffs, the legal guardians and/or foster parents of Decedent, do not fall into the categories of

10

---

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

persons able to make a survival claim under <u>Code of Civil Procedure</u> section 377.34; <u>Complaint</u>, ¶ 8; <u>Request for Judicial Notice</u>.  Further, they did not file and serve an affidavit demonstrating their rights over all others to sue on behalf of Decedent.  <u>Code of Civil Procedure</u> section 377.32(a); <u>Torres</u>, <u>supra</u>, at 3.

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986).  In other words, "leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile."  <u>Albrecht v. Lund</u>, 845 F.2d 193, 195 (9th Cir. 1988) (leave to amend fraud complaint denied as alleged misstatements "could not be misrepresentations" as a matter of law).

Without standing to sue under either California statute, the action against Desert Valley Hospital must therefore be dismissed as Plaintiffs failed to state a claim for which relief could be sought.  <u>FRCP</u> 12(b)(6); <u>Strom</u>, <u>supra</u>, 641 F.3d at 1067; <u>Caltex Plastics, Inc.</u>, <u>supra</u>, 824 F.3d at 1159; <u>AnywhereCommerce, Inc.</u>, <u>supra</u>, at 49; <u>Cosentino</u>; <u>Smallwood</u>; <u>Lewis</u>.  There are no facts possible to be pled that could cure these defects.  Therefore, such dismissal must be made with prejudice.  <u>Schreiber Distrib. Co.</u>, <u>supra</u>, at 1401; <u>Albrecht</u>, <u>supra</u>, at 195.

**B.**  **<u>Plaintiffs' Seventh Cause Of Action For Negligence Is Conclusory As To The Acts Purportedly Taken By Desert Valley Hospital</u>**

"A claim for wrongful death has, as necessary elements, all the traditional elements of negligence, i.e., duty, breach of duty, causation, and damage."

11

1  <u>Colburn v. U.S.</u>, 45 F.Supp.2d 787, 790 (S.D. Cal. 1998).  For the causes of action

2  for Wrongful Death and Negligence, the "facts" pled merely recite the breach of

3  duty, causation, and damage elements required to prove either claim: Desert

4  Valley Hospital had "a duty and responsibility to provide adequate care,

5  protection, and security for" Decedent and "a duty and responsibility to provide

6  adequate mental health treatment" for Decedent; but purportedly, Desert Valley

7  Hospital breached said duty, as it "failed to adequately treat Decedent during

8  approximately three days under their custody and responsibility, and allowed

9  Decedent to escape custody during a mental health crisis." <u>Complaint</u>, ¶ 112.

10      Indeed, the nonconclusory facts pled show that Desert Valley Hospital had

11  not been the ***<u>only</u>*** claimed custodian of Decedent, as Defendants [all of them] were

12  allegedly aware of Decedent's 5585 hold and of the risk to his well-being and

13  safety if he escaped and failed to ensure that he remained in custody and treated.

14  <u>Complaint</u>, ¶¶ 114-115.  The facts pled demonstrate Plaintiffs claim that the

15  County Defendants "are ***<u>directly liable</u>*** for their actions and inactions."

16  <u>Complaint</u>, ¶ 117 (emphasis added); ¶¶ 1-8, 33-49, 57-58, 63-69, 72-73, 79-83,

17  84, 89-95, 122-128.

18      Simply put, Plaintiffs do not plead with sufficient notice as to the basis for

19  their claims.  This alone warrants dismissal of all claims against Desert Valley

20  Hospital for failure to assert "cognizable legal theories", as required by <u>FRCP</u>

21  12(b)(6), and this Motion must therefore be granted.  <u>Strom</u>, <u>supra</u>, 641 F.3d at

22  1067; <u>Caltex Plastics, Inc.</u>, <u>supra</u>, 824 F.3d at 1159.

23  ///

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

**C.    The Causes Of Action for Wrongful Death And Negligence Raised Against Desert Valley Hospital Must Be Dismissed, With Prejudice, As No Set Of Facts Can Demonstrate Legal Causation**

Even if the above arguments are not accepted, dismissal should be with prejudice as there are no facts that could be pled which, under any circumstances, would demonstrate causes of action for Wrongful Death or Negligence against Desert Valley Hospital. LeDuc, supra, 814 F. Supp. at 835.

As expressed above, leave to amend should not be granted if "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co., supra, 806 F.2d at 1401; Albrecht, supra, 845 F.2d at 195. Here, Plaintiffs raise one cause of action for Negligence, which is truly two causes for Wrongful Death by Plaintiffs and for survival on behalf of Decedent, both based upon the same operative facts.

Because Desert Valley Hospital is a health care provider (Complaint, ¶ 14), and as these two causes of action share common facts regarding the medical care and treatment provided to Decedent, they are best characterized as Medical Malpractice: (1) "a negligent act or omission to act by a health care provider in the rendering of professional services," (2) "which act or omission is the proximate cause of injury or wrongful death," (3) "provided that such services are within the scope of services for which the provider is licensed," and (4) "which are not within any restriction imposed by the licensing agency or licensed hospital." Holly v. Alta Newport Hosp., Inc., 612 F. Supp. 3d 1017, 1024 (C.D. Cal. 2020).

13

1   "Superseding conduct, as set forth in the Second Restatement of Torts,

2   breaks the chain of causation under California law." Id. (citing Stewart v. Cox, 55

3   Cal. 2d 857, 864 (1961)). "[A] superseding cause is an act of a third person or

4   other force which by its intervention prevents the actor from being liable for harm

5   to another which his antecedent negligence is a substantial factor in bringing

6   about." Restatement (Second) of Torts § 404.

7   >   An actor may be liable if the actor's negligence is a substantial factor
       in causing an injury, and the actor is not relieved of liability because
8   >   of the intervening act of a third person if the act was reasonably
       foreseeable at the time of the original negligent conduct. The
9   >   foreseeability required is of the risk of harm, not of the particular
       intervening act.
10
    >   Rosencrans v. Dover Images, Ltd., 192 Cal.App. 4th 1072, 1087…
11  >   (Ct. App. 2011). However, an actor may not be liable for a third
       party's actions if the actor lacks the legal or practical ability to control
12  >   such criminal actions of third parties. [Citation.]

13  Baton v. Ledger SAS, 740 F. Supp. 3d 847, 909–10 (N.D. Cal. 2024) (cleaned

14  up). Thus, even a third-party crime does not necessarily cut off legal causation if

15  the risk of harm was reasonably foreseeable. Rosencrans, supra, 192 Cal. App.

16  4th at 1087. Even when a third party's intervening act is unforeseeable, the

17  defendant's conduct may continue to operate as a legal cause if the defendant

18  could reasonably foresee the injury resulting from his own conduct. Pappert v.

19  San Diego Gas & Electric Co., 137 Cal. App. 3d 205, 210 (Ct. App. 1982).

20      Better stated, this Court must "evaluate more generally whether the

21  category of negligent conduct at issue is sufficiently likely to result in the kind of

22  harm experienced that liability may appropriately be imposed" and "***evaluate the***

23  ***kind of third party conduct involved*** in light of all the surrounding circumstances

14

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

as probative in assessing generally whether the category of defendant's alleged negligent conduct is sufficiently likely to result in the kind of harm plaintiffs experienced." <u>T.L.</u>, <u>supra</u>, 83 Cal. App. 5th at 887 (emphasis added).

> Causation … may be decided by the Court when, although it is assumed that all the facts asserted by the plaintiff are true, actual causation cannot reasonably be established on the basis of those facts. [Citations omitted].  This is because the existence of legal cause "essentially depends upon whether the policy of the law will extend the responsibility for the conduct to the consequences which have in fact occurred." [Citations Omitted] ("What we do mean by the word 'proximate' is, that because of convenience, of public policy, of a rough sense of justice, the law arbitrarily declines to trace a series of events beyond a certain point" (quoting <u>Palsgraf v. Long Island R. Co.</u>, 248 N.Y. 339, 351–52, 162 N.E. 99 (1928) (Andrews J., dissenting))); [Citation.]

<u>Estate of Macias v. Lopez (Macias)</u>, 42 F.Supp.2d 957, 965 (N.D.Cal.1999), overruled on other grounds, 219 F.3d 1018 (9th Cir.2000).

Here, it is pled that the County Defendants engaged in unreasonable misconduct to the effect of either (1) directly engaging in unreasonable use of deadly force against Decedent, (2) implementing dangerous policies and procedures allowing for or instructing on the unreasonable use of deadly force against persons similarly situation to Decedent (i.e., minors with mental health concerns), and/or (3) unreasonably failing to train, supervise, or discipline personnel who committed the  unreasonable use of deadly force against Decedent (*among others*).  <u>Complaint</u>, ¶¶ 1-8, 33-49, 57-58, 63-69, 72-73, 79-83, 84, 89-95, 114-115, 117, 122-128.  It is unreasonable and unforeseeable for any negligence on the part of Desert Valley Hospital (*which is not admitted here*) to be considered causally connected to unreasonable use of force by the County Defendants or their

15

1    alleged unreasonable and dangerous policies and procedures or other practices

2    (*which, for purposes of motion to dismiss, must be accepted as true*).

3        For further comparative example, <u>Lopez v. United States</u>, 17-CV-04386-

4    MEJ, 2018 WL 807357 (N.D. Cal. Feb. 9, 2018) addressed an ICE officer's

5    failure to secure his firearm in his vehicle: "Defendant argues that proximate

6    cause cannot be established because the initial theft of the gun is an intervening

7    criminal act: a person other than the thief who stole the ICE officers' gun

8    committed another criminal act when he murdered Tony, and the killing occurred

9    two weeks after the theft, in a different city." <u>Id.</u>, at *6.  However, with the Court

10   accepting as true "the Complaint's allegation that the gun that killed Tony was

11   stolen from the ICE officers' vehicle", and acknowledging that "the Ninth Circuit

12   has previously rejected the argument that an intervening ***foreseeable*** crime by a

13   third party breaks causation under California law", it is a reasonable conclusion

14   (*again, with all facts accepted as true*) that the ***foreseeable*** risk of harm in

15   someone stealing the ICE officer's gun (*i.e., using deadly force upon another*)

16   would not break the chain of causation.  <u>Id.</u> (emphasis added).

17       Here, the purpose of a hold under <u>Welfare and Institutions Code</u> section

18   5585 is to prevent self-harm or harm to others by a minor with a mental disorder

19   or other grave disability.  <u>L.J. by and through Jones v. Poway Unified School</u>

20   <u>District</u>, No. 20CV1569-GPC(MDD), 2020 WL 7056283, at *9 (S.D. Cal., Dec. 2,

21   2020); <u>Smith v. Cnty. of Kern</u>, 20 Cal. App. 4th 1826, 1831 (Ct. App. 1993).

22   Self-harm is thus a foreseeable danger if a patient on a 5585 hold escapes.  <u>Spath</u>

23   <u>v. Cnty. of Santa Clara</u>, 669 F. Supp. 3d 835, 847 (N.D. Cal. 2023) (escaping

16

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

patient under equivalent 5150 hold for adults sustained injuries after escaping and falling from a tree).  In <u>T.L.</u>, the duty owed by a transporting ambulance to a child under a 5585 hold during travel to a medical facility is to prevent said child's escape, where it had been reasonably foreseeable that the child's escape would cause self-harm, which a 5585 hold is specifically intended to prevent.  <u>Id.</u>, at 888.

"[W]e agree with defendants that plaintiff's arguments have largely focused on a claim defendants should have used restraints and had they done so she would not have been injured."  <u>Id.</u>, at 888.  "We think it likely enough that negligence in securing a patient for transport may result in injury to the patient, ***<u>including because of the patient's own physical movement</u>***."  <u>Id.</u> (cleaned up) (emphasis added).   To reach its decision, <u>T.L.</u> relied upon <u>C.I. v. San Bernardino City Unified School Dist.</u>: "It is undeniable that shootings and other forms of violence can and do happen … ***<u>But more than a mere possibility of occurrence is required since, with hindsight, everything is foreseeable</u>***."  82 Cal. App. 5th 974, 985 (Ct. App. 2022) (emphasis added).

> The Court of Appeal held neither the school district nor the school principal owed a duty to protect students and faculty from injuries caused by a teacher's estranged husband who appeared at the school, signed in at the office, and then entered his wife's classroom and shot and killed her, a student, and then himself.  …  on examining …, the court held … against a duty to protect from the kind of unforeseeable criminal conduct perpetrated by the estranged spouse.

<u>T.L.</u>, <u>supra</u>, at 885 (citing <u>C.I.</u>, <u>supra</u>, at 978-982).

For Plaintiffs' case, neither self-harm nor harm to others occurred.  Instead, there is the allegedly extreme and unforeseeable harm by police in the unreasonable use of force upon Decedent.  <u>Complaint</u>, ¶¶ 1-8, 33-49, 57-58, 63-

17

69, 72-73, 79-83, 84, 89-95, 114-115, 117, 122-128.  The purported acts by the County Defendants, as pled by Plaintiffs, if accepted as true, absolutely would break the chain of causation.  <u>Baton</u>, <u>supra</u>, at 909–10; <u>Macias</u>, <u>supra</u>, at 965.

Under no universe of possible facts alleged could Desert Valley Hospital be held responsible for ***mere possibility*** of Decedent being shot to death by a purportedly errant third-party, apparently committed through widespread policy, practice, and training (*or lack thereof*) by the County Defendants.   <u>T.L.</u>, at 888-889; <u>C.I.</u>, <u>supra</u>, at 978-982; <u>Complaint</u>, ¶¶ 1-8, 33-49, 57-58, 63-69, 72-73, 79-83, 84, 89-95, 114-115, 117, 122-128.  Thus, Desert Valley Hospital cannot be held liable for either of the Seventh Cause of Action for Negligence, either as Wrongful Death or as Decedent's survival claim.  <u>Schreiber Distrib. Co.</u>, <u>supra</u>, at, 1401; <u>Albrecht</u>, <u>supra</u>, at 195.  Therefore, this Court should grant this Motion and dismiss the Seventh Cause of Action against Desert Valley Hospital, with prejudice.  <u>Caltex Plastics, Inc.</u>, <u>supra</u>, 824 F.3d at 1159 <u>LeDuc</u>, <u>supra</u>, at 835.

**D.** **<u>Policies Favoring No Legal Or Proximate Causation Prohibit Extending Liability To Desert Valley Hospital In The Exercise Of Its Duties To Contact Law Enforcement</u>**

As taken <u>supra</u>, §3(C), this Court must assess "the existence of legal cause", which "'essentially depends upon whether ***the policy of the law*** will extend the responsibility for the conduct to the consequences which have in fact occurred.' [Citations Omitted.]"  <u>Macias</u>, <u>supra</u>, 42 F. Supp. 2d at 965.  "In setting the outer bounds of legal causation, courts must examine the issue on a case-by-case basis, and in light of considerations of logic, common sense, justice, policy and

18

1 precedent." Id.  Such is a matter of law that Courts can determine.  Id.; see also

2 Modisette v. Apple Inc., 30 Cal. App. 5th 136, 152, 154 (2018) ("[W]here the

3 facts are such that the only reasonable conclusion is an absence of causation, the

4 question is one of law, not of fact.  …  "The extent or scope of a defendant's

5 liability is a question of law.").

6      "[F]oreseeability is not the only aspect of legal causation at issue".  Macias,

7 supra, at 974.  "[L]egal causation is, ultimately, a matter of public policy."  Id., at

8 976 (finding extension of legal causation inappropriate where such "would open

9 municipalities to unprecedented liability").  Phrased differently, "[b]ecause the

10 purported causes of an event may be traced back to the dawn of humanity, the law

11 has imposed additional limitations on liability other than simple causality …

12 related not only to the degree of connection between the conduct and the injury,

13 but also with public policy."  Ferguson v. Lieff, Cabraser, Heimann & Bernstein,

14 30 Cal. 4th 1037, 1045 (2003).

15      Here, Plaintiffs claim that the custodial relationship between Desert Valley

16 Hospital and Decedent created duty of care, focusing solely on keeping Decedent

17 from escaping.  To this point, Desert Valley Hospital agrees in the existence of an

18 ***ordinary*** duty of ***professional*** care regarding the prevention of escape.  What

19 Plaintiffs do not state, however, is that there also exists a duty for Desert Valley

20 Hospital to call or otherwise contact law enforcement once Decedent escaped.

21      Law enforcement initiates the process of 5585 holds and provides authority

22 for such.  Welfare and Institutions Code, §5585.50(a) ("When any minor, as a

23 result of mental disorder, is a danger to others, or to himself or herself, …, a peace

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

1  officer, …, upon probable cause, take, or cause to be taken, the minor into custody

2  and place him or her in a facility … for 72-hour treatment and evaluation of

3  minors."); see Harvey v. Alameda Cnty. Med. Ctr., 280 F. Supp. 2d 960, 968

4  (N.D. Cal. 2003), aff'd, 123 F. App'x 823 (9th Cir. 2005) (as related to 5150

5  holds).  The duty to contact law enforcement if a held patient escapes is natural.

6        But if we accept the premise that Desert Valley Hospital is liable for the

7  actions of law enforcement, hospitals, like Desert Valley Hospital, would become

8  liable for ***calling law enforcement*** after a patient on a 5585 hold escapes.

9  Hospitals, like Desert Valley Hospital, would then become ***dissuaded*** for calling

10  local authorities, in abeyance of that duty.  Such a result would goes against public

11  policy, as hospitals should not face adverse pressure or consequences for engaging

12  in their duties.  Macias, supra, at 965; Modisette, supra, at 152, 154; Ferguson,

13  supra, at 1045.

14        For these reasons, and as no legal or proximate causation exists, dismissal

15  of this claim is appropriate.  FRCP 8, 12(b)(6); Schatz, supra, 669 F.3d at 56;

16  Somers, supra, 729 F.3d at 966; Caltex, supra, 824 F.3d at 1159.  Further, and as

17  this point cannot be corrected by amendment, dismissal of this claim, with

18  prejudice, is appropriate.  Albrecht, supra, at 195.

19  ///

20  ///

21  ///

22  ///

23  ///

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

1

**V.    <u>CONCLUSION</u>**

2

Based on the foregoing, Desert Valley Hospital respectfully requests that its

3

motion to dismiss be granted, with prejudice, as to the Seventh Cause of Action

4

for Negligence, on both the Wrongful Death and survival action claims.

5

6

Dated: July 18, 2025                    **GIOVANNIELLO LAW GROUP**

7

8

By: _____

9

Alexander F. Giovanniello

Joseph M. Lorant

10

Attorneys for Defendant

DESERT VALLEY HOSPITAL, LLC dba

11

DESERT VALLEY HOSPITAL

12

13

14

15

16

17

18

19

20

21

22

23

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba
DESERT VALLEY HOSPITAL

**PROOF OF SERVICE**

I am employed in the county of Orange, State of California. I am over the age of eighteen and not a party to the within entitled action; my business address is Six Pointe Drive, Suite 520 Brea, California 92821.

On **July 18, 2025,** I served the foregoing document(s) described as, NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT BY DEFENDANT DESERT VALLEY HOSPITAL, LLC dba DESERT VALLEY HOSPITAL as follows:

*See below service list*

(  )   BY U.S. MAIL:  I am "readily familiar" with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice the envelope was sealed and placed for collection and mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Brea, California following ordinary business practices.

(  )   BY FEDERAL EXPRESS OVERNIGHT: I placed said envelope(s) for collection and overnight delivery at a regularly utilized drop box of the overnight delivery carrier.

(**XX**)   BY ELECTRONIC SERVICE:  I caused the document(s) to be sent from kks@giolawgroup.com to the person(s) at the electronic notification addresses indicated on the service list.

Executed on **July 18, 2025,** at Brea, California.

(XX)   STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Kristy K. Shimotani

SERVICE LIST

| | |
|---|---|
| Dale K. Galipo | *Counsel for Plaintiffs* |
| Marcel F. Sincich | |
| LAW OFFICES OF DALE K. GALIPO | |
| 21800 Burbank Boulevard, Suite 310 | |
| Woodland Hills, CA 91367 | |
| Tel:  (818) 347-3333 | |
| Fax:  (818) 347-4118 | |
| Email: msincich@galipolaw.com | |
| Email: dalekgalipo@yahoo.com | |

| | |
|---|---|
| Edward Southcott, Jr. | *Counsel for Defendant, County of San* |
| Shannon Gustafson | *Bernardino and Shannon D Dicus, Sheriff* |
| LYNBERG AND WATKINS | |
| 1100 WestTown and Country Road, Suite 1450 | |
| Orange, CA 92868 | |
| Tel:  (714) 937-1010 | |
| Fax:  (714) 937-1003 | |
| Email: esouthcott@lynberg.com | |
| Email: sgustafson@lynberg.com | |